UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CHAD SMITH and CATHERINE
SMITH, on behalf of their minor
daughter, JANE DOE, a mentally
disabled person,

        Plaintiffs,

v.

SCHOOL BOARD OF BREVARD
COUNTY,

        Defendant.

_____/

CASE NO.: 6:12-CV-00931-PCF-
DAB

**DEFENDANT'S EMERGENCY MOTION TO QUASH SUBPOENAS AND
MOTION FOR PROTECTIVE ORDER REGARDING THREE
UNILATERALLY SCHEDULED DEPOSITIONS SET FOR MARCH 8,
2013 THAT WERE UNTIMELY NOTICED FOR WHICH INSUFICNET
NOTICES WERE PROVIDED, WITH INCORPRATED MEMORANDUM
OF LAW**

Defendant, SCHOOL BOARD OF BREVARD COUNTY, pursuant to Fed.

R. Civ. P. 26(c) and 45(c)(3), and Local Rule 3.02, hereby moves the Court for an

order quashing the deposition subpoenas served upon Betsy Butler, an employee of

the School Board of Brevard County, and Jessica L. Schon, and Cheryl Christie.

Defendant also moves the Court for a protective order cancelling these three

depositions as they were all unilaterally scheduled by Plaintiff without sufficient

notice and without consultation regarding Defendant's counsel's availability. In

support of its Motion, Defendant states as follows:

1.      Pursuant to this Court's Scheduling Order (Dkt. 45), the discovery deadline is March 8, 2013.

2.      On March 6, 2013, at 6:57 p.m. counsel for Defendant received an e-mail from Plaintiff's counsel's office with attached deposition notices. *See* Exhibit "A". The Plaintiff unilaterally scheduled the depositions of Betsy Butler, an employee of the School Board of Brevard County, and Jessica L. Schon, and Cheryl Christie to commence with less than 48 hours notice.

3.      Counsel for Defendant is unavailable for the scheduled depositions on March 8, 2013. Counsel for Defendant is scheduled to participate in four depositions in Viera, Florida in the matter of *Moody v. School Board of Brevard County,* Case No. 6:12-CV-00359-JA-GJK on March 8, 2013 beginning at 10:00 a.m. *See* Exhibit "B."

4.      Local Rule of Court 3.02 requires that a party shall give 14 days notice in writing as to the scheduling of a deposition. Fed. R. Civ. P. 30(b)(1), requires that reasonable notice be given. Here, Plaintiff provided less than 48 hours notice for the depositions of Betsy Butler, an employee of the School Board of Brevard County, and Jessica L. Schon, and Cheryl Christie's depositions.

5.      These depositions have been set without adequate notice and fail to comply with Local Rule 3.02 and Federal Rule of Civil Procedure 30(b)(1). Pursuant to Federal Rule of Civil Procedure 26, this Court may enter an Order,

upon good cause shown, to protect a party or person from annoyance, oppression, and undue burden or expense by requiring Plaintiff to cancel and/or reschedule the depositions. *See* Fed. R. Civ. P. 26(c)(1). Here, good cause has been shown justifying such an order where the depositions were unilaterally scheduled and inadequately noticed in violation of the Local and Federal Rules.

6.     Furthermore, Federal Rule of Civil Procedure 45(c)(1) provides that an "attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena." Plaintiff has failed to follow the dictates of this Rule. Rather than coordinate these depositions with Defendant's counsel as required. Plaintiff unilaterally scheduled the depositions on a date on which Defendant's counsel is available.

7.     In addition, Rule 45(c)(3) provides that a court shall quash or modify a subpoena that fails to allow a reasonable time to comply or subjects a person to undue burden. Counsel for Defendant has spoken with employee Betsy Butler and her appearance would cause her great inconvenience.

Wherefore, the Defendant respectfully requests that this Court grant this motion for protective order as to the depositions of Betsy Butler, and Jessica L. Schon, and Cheryl Christie and quash the related subpoenas.

## COMPLIANCE WITH RULE 3.01(g)

Pursuant to Local Rule 3.01(g), undersigned counsel represents that at his direction D. Christian Anderson, an associate lawyer with his firm, has spoken with counsel to the Plaintiff, Scarlett G. Davidson, about the issues raised in this motion and despite their good faith efforts, were unable to resolve the matters raised herein.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 7th day of March, 2013, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I further certify that a copy of the foregoing and Notice of Electronic Filing has been furnished by U.S. Mail to: Joseph E. Culmer, Esq., Culmer & Davidson, P.A., 960 North Cocoa Boulevard, Cocoa, FL 32922.

/s/ Michael H. Bowling, Esquire
Michael H. Bowling, Esquire
Florida Bar No.: 0333026
Bell & Roper, P.A.
2707 E. Jefferson Street
Orlando, FL 32803
Telephone: (407) 897-5150
Facsimile: (407) 897-6947
Attorney for Defendant School Board of
Brevard County, Florida
mbowling@bellroperlaw.com

4

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CHAD SMITH and CATHERINE SMITH,
on behalf of their minor daughter, JANE
DOE, a mentally disabled person,

     Plaintiffs,          CASE NO.: 6:12-CV-00931-ORL-37TBS

v.

SCHOOL   BOARD   OF   BREVARD
COUNTY,   FLORIDA,   PRINCIPAL
BETSY BUTLER, ENDEAVOR
ELEMENTARY SCHOOL, and ROBERT
ERLE BURNS.

     Defendants.
_____/

**NOTICE OF TAKING DEPOSITION**

TO:   Dr. Beth Thedy
     Defendants, School Board of Brevard County, et al
     c/o Michael Bowling, Esquire
     Bell & Roper, P. A.
     2707 E. Jefferson Street
     Orlando, Florida 32803

YOU ARE HEREBY NOTIFIED that the undersigned will take the following depositions before King Reporting, who are certified shorthand reporters, or some other officer authorized to administer oaths and take acknowledgements on the following dates and times at Culmer & Davidson, P. A., 960 North Cocoa Blvd., Cocoa, Florida 32922 on Friday, March 8, 2013 at 9:00 a.m., Dr. Beth Thedy.

These depositions shall continue until they are completed.

Exhibit "A"

*CHAD SMITH, et al v.   SCHOOL BOARD OF*
*BREVARD COUNTY, FLORIDA, et al*
CASE NO.: 6:12-CV-00931-ORL-37-TBS
Page 2
_____/.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 6th day of March, 2013, I served by e-mail, facsimile

and U. S. Mail to:  Michael H. Bowling, Esquire, Bell & Roper, P. A. 2707 E. Jefferson Street,

Orlando, Florida  32803; e-mail, bowling@bellroperlaw.com.

By: _____  65683

JOSEPH E. CULMER
Fla. Bar No: 366780
CULMER & DAVIDSON, P. A.
960 North Cocoa Blvd.
Cocoa, FL  32922
Telephone: (321) 638-2002
Facsimile:  (321) 609-9194
Jody@BrevardTrialAttorneys.com

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CHAD SMITH and CATHERINE SMITH,
on behalf of their minor daughter, JANE
DOE, a mentally disabled person,

      Plaintiffs,                CASE NO.: 6:12-CV-00931-ORL-37TBS

v.

SCHOOL    BOARD    OF    BREVARD
COUNTY,    FLORIDA,    PRINCIPAL
BETSY BUTLER, ENDEAVOR
ELEMENTARY SCHOOL, and ROBERT
ERLE BURNS.

      Defendants.
_____/

## NOTICE OF TAKING DEPOSITION

TO:     Jessica L. Schon
        700 N. Courtenay Parkway, Apartment 122
        Merritt Island, FL  32953

     YOU ARE HEREBY NOTIFIED that the undersigned will take the following deposition

before King Reporting, who are certified shorthand reporters, or some other officer authorized to

administer oaths and take acknowledgements at CULMER & DAVIDSON, P.A., 960 North

Cocoa Blvd., Cocoa, Florida  32922 on Friday, March 8, 2013 at 10:30 a.m.

     This deposition shall continue until completed.

*CHAD SMITH, et al v.  SCHOOL BOARD OF*
*BREVARD COUNTY, FLORIDA, et al*
CASE NO.: 6:12-CV-00931-ORL-37-TBS
Page 2

_____/

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 6th day of March, 2013, I served by e-mail, facsimile

and U. S. Mail to:  Michael H. Bowling, Esquire, Bell & Roper, P. A. 2707 E. Jefferson Street,

Orlando, Florida 32803; e-mail, bowling@bellroperlaw.com.

By: _____    55685

JOSEPH E. CULMER
Fla. Bar No: 366780
CULMER & DAVIDSON, P. A.
960 North Cocoa Blvd.
Cocoa, FL 32922
Telephone: (321) 638-2002
Facsimile:  (321) 609-9194
Jody@BrevardTrialAttorneys.com

AO88 (Rev. 12/06) Subpoena in a Civil Case

### Issued by the
# UNITED STATES DISTRICT COURT

MIDDLE      DISTRICT OF      ORLANDO

CHAD AND CATHERINE SMITH

V.      **SUBPOENA IN A CIVIL CASE**

SCHOOL BOARD OF BREVARD COUNTY, FLORID

Case Number:[1] 6:12-CV-00931

TO:    JESSICA SCHON
       700 COURTENAY PKWY., APT. 122
       MERRITT ISLAND, FL 32953

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| CULMER & DAVIDSON, P.A. 960 N. Cocoa Blvd, Cocoa FL | 3/8/2013 @ 1:30 PM |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

     Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| 55683 | 3/6/13 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
ATTORNEYS FOR PLAINTIFFS; CULMER & DAVIDSON, P.A., 960 N. COCOA BLVD., COCOA, FL 32922; (321) 638-2002

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

_____

ADDRESS OF SERVER

_____

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises—or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CHAD SMITH and CATHERINE SMITH,
on behalf of their minor daughter, JANE
DOE, a mentally disabled person,

        Plaintiffs,           CASE NO.: 6:12-CV-00931-ORL-37TBS

v.

SCHOOL BOARD OF BREVARD
COUNTY, FLORIDA, PRINCIPAL
BETSY BUTLER, ENDEAVOR
ELEMENTARY SCHOOL, and ROBERT
ERLE BURNS.

        Defendants.
_____/

## NOTICE OF TAKING DEPOSITION

TO:    Dr. Betsy Butler
        300 Columbia Drive, #3103
        Cape Canaveral, FL 32920

YOU ARE HEREBY NOTIFIED that the undersigned will take the following deposition

before King Reporting, who are certified shorthand reporters, or some other officer authorized to

administer oaths and take acknowledgements at CULMER & DAVIDSON, P.A., 960 North

Cocoa Blvd., Cocoa, Florida 32922, on Friday, March 8, 2013 at 1:30 p.m.

This deposition shall continue until completed.

*CHAD SMITH, et al v.   SCHOOL BOARD OF*
*BREVARD COUNTY, FLORIDA, et al*
CASE NO.: 6:12-CV-00931-ORL-37-TBS
Page 2
_____/

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 6th day of March, 2013, I served by e-mail, facsimile

and U. S. Mail to:  Michael H. Bowling, Esquire, Bell & Roper, P. A. 2707 E. Jefferson Street,

Orlando, Florida 32803; e-mail, bowling@bellroperlaw.com.

By:_____

for   JOSEPH E. CULMER
Fla. Bar No: 366780
CULMER & DAVIDSON, P. A.
960 North Cocoa Blvd.
Cocoa, FL 32922
Telephone: (321) 638-2002
Facsimile: (321) 609-9194
Jody@BrevardTrialAttorneys.com

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

| MIDDLE DISTRICT | DISTRICT OF | ORLANDO |
|---|---|---|

CHAD AND CATHERINE SMITH,

V.

SCHOOL BOARD OF BREVARD COUNTY,
FLORIDA

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 6:12-CV-00931

TO: DR. BETSY BUTLER
300 COLUMBIA DRIVE, #3103
CAPE CANAVERAL, FL 32920

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION Culmer & Davidson, PA. 960 N. Cocoa Blvd, Cocoa Fl 32922 | DATE AND TIME 3/8/2013 @ 10:30 Am |
|---|---|

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) 55683 | DATE 3/6/13 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
CULMER & DAVIDSON, P.A., 960 NORTH COCOA BLVD., COCOA, FLORIDA 32922;
(321) 638-2002;

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88  (Rev.  12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
            DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

From: [illegible fax header]

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CHAD SMITH and CATHERINE SMITH,
on behalf of their minor daughter, JANE
DOE, a mentally disabled person,

      Plaintiffs,               CASE NO.: 6:12-CV-00931-ORL-37TBS

v.

SCHOOL BOARD OF BREVARD
COUNTY, FLORIDA, PRINCIPAL
BETSY BUTLER, ENDEAVOR
ELEMENTARY SCHOOL, and ROBERT
ERLE BURNS.

      Defendants.

_____/

## NOTICE OF TAKING DEPOSITION DUCES TECUM

TO:    Cheryl Boone
       Investigating Officer
       Florida Department of Children and Families
       400 W. Robinson Street, S-1129
       Orlando, FL 32801-1782

YOU ARE HEREBY NOTIFIED that the undersigned will take the following deposition

before King Reporting, who are certified shorthand reporters, or some other officer authorized to

administer oaths and take acknowledgements at CULMER & DAVIDSON, P.A., 960 North

Cocoa Blvd., Cocoa, Florida 32922, on Friday, March 8, 2013 at 3:00 p.m. You are requested

to bring the following document: Entire case record and file, Case ID 100569778, Intake

Number 2011-089665-0 involving "Jane Doe," student at Endeavour Elementary School, and

*CHAD SMITH, et al v.  SCHOOL BOARD OF*
*BREVARD COUNTY, FLORIDA, et al*
CASE NO.: 6:12-CV-00931-ORL-37-TBS
Page 2

_____/

Robert E. Burns; incident date April 19, 2011; and any and all other incidents involving Robert

E. Burns at any time prior to or after April 19, 2011.

This deposition shall continue until completed.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 6th day of March, 2013, I served by e-mail, facsimile

and U. S. Mail to:  Michael H. Bowling, Esquire, Bell & Roper, P. A. 2707 E. Jefferson Street,

Orlando, Florida 32803; e-mail, bowling@bellroperlaw.com.

By:  _____ 65683

for  JOSEPH E. CULMER
Fla. Bar No: 366780
CULMER & DAVIDSON, P. A.
960 North Cocoa Blvd.
Cocoa, FL 32922
Telephone: (321) 638-2002
Facsimile:  (321) 609-9194
Jody@BrevardTrialAttorneys.com

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

| MIDDLE | DISTRICT OF | ORLANDO |

CHAD AND CATHERINE SMITH

V.

SCHOOL BOARD OF BREVARD COUNTY, FLORID

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  6:12-CV-00931

TO:  CHERYL BOONE, INVESTIGATING OFFICER
DEPARTMENT OF CHILDREN AND FAMILIES
400 WEST ROBINSON STREET, S1129
ORLANDO, FL

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| | |
| | DATE AND TIME |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION Culmer & Davidson, PA. 960 N. Cocoa Blvd Cocoa, FL 32922 | DATE AND TIME 3/8/2013 @ 3:00 PM |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
SEE ATTACHED NOTICE OF DEPOSITION DUCES TECUM

| PLACE | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)   556683 | DATE 3/6/13 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
ATTORNEYS FOR PLAINTIFFS; CULMER & DAVIDSON, P.A., 960 N. COCOA BLVD., COCOA, FL 32922;
(321) 638-2002

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

| PROOF OF SERVICE | | |
|---|---|---|
| | DATE | PLACE |
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on

DATE                    SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
  (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
  (2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
  (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
  (3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
    (i) fails to allow reasonable time for compliance;
    (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
    (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) If a subpoena
    (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
    (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
    (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
  (1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
  (B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
  (C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
  (D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
  (2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
  (B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

From: Culmer & Davidson                                                     03/07/2013 16:39                    #207 P.003/004

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CHAD SMITH and CATHERINE SMITH,
on behalf of their minor daughter, JANE
DOE, a mentally disabled person,

        Plaintiffs,                CASE NO.: 6:12-CV-00931-ORL-37TBS

v.

SCHOOL  BOARD  OF  BREVARD
COUNTY,    FLORIDA,    PRINCIPAL
BETSY BUTLER, ENDEAVOR
ELEMENTARY SCHOOL, and ROBERT
ERLE BURNS.

        Defendants.

_____/

## AMENDED NOTICE OF TAKING DEPOSITION DUCES TECUM

TO:    Cheryl (Boone) Christie
       Fax: (321) 634-6232
       Investigating Officer
       Florida Department of Children and Families
       375 Commerce Drive
       Rockledge, FL 32955

      YOU ARE HEREBY NOTIFIED that the undersigned will take the following deposition

before King Reporting, who are certified shorthand reporters, or some other officer authorized to

administer oaths and take acknowledgements at CULMER & DAVIDSON, P.A., 960 North

Cocoa Blvd., Cocoa, Florida 32922, on Friday, March 8, 2013 at 9:00 a.m.  You are requested

to bring the following document:  Entire case record and file, Case ID 100569778, Intake

Number 2011-089665-0 involving "Jane Doe," student at Endeavour Elementary School, and

From Culmer & Davidson          321 609 9194          03/07/2013 9:00          #207 P.004/004

***CHAD SMITH, et al v.  SCHOOL BOARD OF
BREVARD COUNTY, FLORIDA, et al***
CASE NO.: 6:12-CV-00931-ORL-37-TBS
Page 2
_____/

Robert E. Burns; incident date April 19, 2011; and any and all other incidents involving Robert

E. Burns at any time prior to or after April 19, 2011.

    This deposition shall continue until completed.

## **CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on the 7th day of March, 2013, I served by e-mail, facsimile

and U. S. Mail to:  Michael H. Bowling, Esquire, Bell & Roper, P. A. 2707 E. Jefferson Street,

Orlando, Florida  32803; e-mail, bowling@bellroperlaw.com.

    By:

    JOSEPH E. CULMER
    Fla. Bar No: 366780
    CULMER & DAVIDSON, P. A.
    960 North Cocoa Blvd.
    Cocoa, FL  32922
    Telephone: (321) 638-2002
    Facsimile:  (321) 609-9194
    Jody@BrevardTrialAttorneys.com

From Culmer & Davidson          321 608 9194          03/07/2013 16:50          #267 P.001 /004

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

MIDDLE _____ DISTRICT OF _____ ORLANDO

CHAD SMITH, ET AL

V.                                          **SUBPOENA IN A CIVIL CASE**

SCHOOL BOARD OF BREVARD COUNTY

Case Number:[1]  6:12-ca-00931-37TBS

TO:  CHERYL CHRISTIE
     DCF
     375 COMMERCE DRIVE
     ROCKLEDGE, FL

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION  CULMER & DAVIDSON, PA. 960 NORTH COCOA BLVD., COCOA, FL | DATE AND TIME  3/8/13  9:00 Am |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):   *See Attached deposition Notice*

| PLACE   *See attached* | DATE AND TIME  3/8/2013  9:00 Am |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE  3/7/2013 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Culmer & Davidson, PA
960 N. Cocoa Blvd.
Cocoa, FL 32922                 321 638-2002

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
              DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MARION MOODY,

      Plaintiff

vs.                        **Case No. 6:12-cv-359-Orl-28GJK**

SCHOOL BOARD OF BREVARD COUNTY

      Defendant

_____/

## NOTICE OF TAKING DEPOSITION OF KEVIN THORNTON

PLEASE TAKE NOTICE, that at the office of King Reporting, 14 Suntree Place, Melbourne, FL 32940, the undersigned counsel for Plaintiff Marion Moody will take the following deposition on the date and at the time stated:

**Name:  Kevin Thornton**
**Date:   Friday, March 8, 2013**
**Time:   10:00 A. M. Eastern**

Witness will testify from the office of King Reporting, 14 Suntree Place, Melbourne, FL 32940, upon oral examination, before King Reporting, an Official Court Reporter, for the State of Florida at Large, or some other officer duly authorized by law to take depositions.

The deposition is being taken for the purpose of discovery, for use at trial, or both of the foregoing, or for such other purposes as are permitted under the applicable and governing rules. The deposition will continue from day to day until completed.

Exhibit "B"

_(signature)_

Adrienne E. Trent, Esquire
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that the original was sent to Defendant via email to

mbowling@bellroperlaw.com and ysuedmeyer@bellroper.com and U.S. Mail c/o

Michael Bowling, Esq., Bell & Roper, P.A., 2707 E. Jefferson Street, Orlando, FL

32803, this 14th day of December, 2012.

_(signature)_

Adrienne E. Trent, Esquire
Florida Bar No. 0060119
Attorney for Plaintiff
Adrienne E. Trent, P.A.
836 Executive Lane, Suite 120
Rockledge, Florida 32955
Phone: (321) 610-2123
Direct: (321) 610-2122
Fax: (321) 504-1182
attorneytrent@cfl.rr.com

2

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MARION MOODY,

    Plaintiff

vs.                        Case No. 6:12-cv-359-Orl-28GJK

SCHOOL BOARD OF BREVARD COUNTY

    Defendant

_____/

## NOTICE OF TAKING DEPOSITION OF ROBERT KENNEDY

PLEASE TAKE NOTICE, that at the office of King Reporting, 14 Suntree

Place, Melbourne, FL 32940, the undersigned counsel for Plaintiff Marion Moody

will take the following deposition on the date and at the time stated:

**Name:  Robert Kennedy**
**Date:   Friday, March 8, 2013**
**Time:  1:00 P. M. Eastern**

Witness will testify from the office of King Reporting, 14 Suntree Place,

Melbourne, FL 32940, upon oral examination, before King Reporting, an Official

Court Reporter, for the State of Florida at Large, or some other officer duly

authorized by law to take depositions.

The deposition is being taken for the purpose of discovery, for use at trial,

or both of the foregoing, or for such other purposes as are permitted under the

applicable and governing rules. The deposition will continue from day to day until

completed.

Adrienne E. Trent, Esquire
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that the original was sent to Defendant via email to

mbowling@bellroperlaw.com and ysuedmeyer@bellroper.com and U.S. Mail c/o

Michael Bowling, Esq., Bell & Roper, P.A., 2707 E. Jefferson Street, Orlando, FL

32803, this 14ᵗʰ day of December, 2012.

Adrienne E. Trent, Esquire
Florida Bar No. 0060119
Attorney for Plaintiff
Adrienne E. Trent, P.A.
836 Executive Lane, Suite 120
Rockledge, Florida 32955
Phone: (321) 610-2123
Direct: (321) 610-2122
Fax: (321) 504-1182
attorneytrent@cfl.rr.com

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MARION MOODY,

     Plaintiff

vs.                     Case No. 6:12-cv-359-Orl-28GJK

SCHOOL BOARD OF BREVARD COUNTY

     Defendant

_____/

### NOTICE OF TAKING DEPOSITION OF PAMELA FLONNERY

PLEASE TAKE NOTICE, that at the office of King Reporting, 14 Suntree Place, Melbourne, FL 32940, the undersigned counsel for Plaintiff Marion Moody will take the following deposition on the date and at the time stated:

> **Name: Pamela Flonnery**
> **Date: Friday, March 8, 2013**
> **Time: 2:00 P. M. Eastern**

Witness will testify from the office of King Reporting, 14 Suntree Place, Melbourne, FL 32940, upon oral examination, before King Reporting, an Official Court Reporter, for the State of Florida at Large, or some other officer duly authorized by law to take depositions.

The deposition is being taken for the purpose of discovery, for use at trial, or both of the foregoing, or for such other purposes as are permitted under the applicable and governing rules. The deposition will continue from day to day until completed.

Adrienne E. Trent, Esquire
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that the original was sent to Defendant via email to

mbowling@bellroperlaw.com and ysuedmeyer@bellroper.com and U.S. Mail c/o

Michael Bowling, Esq., Bell & Roper, P.A., 2707 E. Jefferson Street, Orlando, FL

32803, this __14th__ day of December, 2012.

Adrienne E. Trent, Esquire
Florida Bar No. 0060119
Attorney for Plaintiff
Adrienne E. Trent, P.A.
836 Executive Lane, Suite 120
Rockledge, Florida 32955
Phone: (321) 610-2123
Direct: (321) 610-2122
Fax: (321) 504-1182
attorneytrent@cfl.rr.com

2

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MARION MOODY,

     Plaintiff

vs.                               Case No. 6:12-cv-359-Orl-28GJK

SCHOOL BOARD OF BREVARD COUNTY

     Defendant

_____/

## NOTICE OF TAKING DEPOSITION OF JACQUELYNN CHURCH

PLEASE TAKE NOTICE, that at the office of King Reporting, 14 Suntree Place, Melbourne, FL 32940, the undersigned counsel for Plaintiff Marion Moody will take the following deposition on the date and at the time stated:

     **Name:  Jacquelynn Church**
     **Date:  Friday, March 8, 2013**
     **Time:  2:30 P. M. Eastern**

Witness will testify from the office of King Reporting, 14 Suntree Place, Melbourne, FL 32940, upon oral examination, before King Reporting, an Official Court Reporter, for the State of Florida at Large, or some other officer duly authorized by law to take depositions.

The deposition is being taken for the purpose of discovery, for use at trial, or both of the foregoing, or for such other purposes as are permitted under the applicable and governing rules.  The deposition will continue from day to day until completed.

Adrienne E. Trent, Esquire
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that the original was sent to Defendant via email to

mbowling@bellroperlaw.com and ysuedmeyer@bellroper.com and U.S. Mail c/o

Michael Bowling, Esq., Bell & Roper, P.A., 2707 E. Jefferson Street, Orlando, FL

32803, this _1st_ day of March, 2013.

Adrienne E. Trent, Esquire
Florida Bar No. 0060119
Attorney for Plaintiff
Adrienne E. Trent, P.A.
836 Executive Lane, Suite 120
Rockledge, Florida 32955
Phone: (321) 610-2123
Direct: (321) 610-2122
Fax: (321) 504-1182
attorneytrent@cfl.rr.com

2